FILED
4/19/02  4:11 PM
Date     Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

PAMELA PERERA, as Personal
Representative of the Estate of
MITCHELL KENNETH PERERA,
deceased, and as assignee of
Estes Express Lines Corporation,

Plaintiff,

vs.

UNITED STATES FIDELITY
AND GUARANTY COMPANY,
a foreign corporation,

Defendant
_____/

CASE NO.: 02 02457

DIVISION: DIVISION F



RECEIVED
MAR 15 2002
CLERK OF CIRCUIT COURT

## INITIAL COMPLAINT

Plaintiff, PAMELA PERERA ("PERERA"), as Personal Representative of the Estate of MITCHELL KENNETH PERERA, deceased, and as assignee of Estes Express Lines Corporation ("ESTES"), brings this action against the Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G") and alleges:

1. This is an action for damages that exceed $15,000.00.

2. At all times material to this action, USF&G was an insurance company authorized to conduct business in the State of Florida and actually conducting business in Hillsborough County, Florida, and as such is subject to the jurisdiction of this Court pursuant to the provisions of Fla. Stat. Sec. 48.193(1)(d) (1995).

2

3. At all times material to this action, ESTES was a trucking company, engaged in the business of transporting goods on the interstate highways by tractor-trailer type vehicles, and owned and operated or maintained a terminal located at 6360 East Hanna Avenue in Hillsborough County, Florida.

4. On April 9, 1997 Plaintiff's decedent and husband, Mitchell Kenneth Perrera ("Mr. Perera") became an employee of ESTES.

5. On April 11, 1997, while in the course of his employment by ESTES, Mr. Perera was crushed to death when an unoccupied, idling tractor spontaneously went into reverse while he was standing behind it.

6. As a result of Mr. Perera's death, PERERA filed a lawsuit in Hillsborough County Circuit Court against ESTES and two of its employees, Curtis Carr and Ray Williams, Case No. 98-03330, Division "B." (Attached to this Complaint as Exhibit "A") That lawsuit (hereafter called "the underlying lawsuit") was consolidated with another lawsuit filed by PERERA against three additional ESTES employees, Tom Mauck, Ed Burke and Lonnie Steward, Case No. 99-2846, Division "F.")

7. On or about December 18, 1998, Plaintiff filed a First Amended Complaint against ESTES setting forth a wrongful death claim "predicated upon intentional acts designed to result in injury or death or conduct substantially certain to result in injury or death to Mr. Perera under the authority of Eller v. Shova, 630

2

So.2d 537 (Fla. 1993) and Myrick v. Luhrs Corporation, etc., et. al., 689 So.2d 416 (Fla. 5th Dist. 1997)." (Attached to this Complaint as Exhibit "B")

8. In April of 2001, Plaintiff filed a Second Amended Complaint against ESTES setting forth a wrongful death claim "predicated upon intentional acts designed to result in injury or death or conduct substantially certain to result in injury or death to Mr. Perera under the authority of Turner v. PCR, Inc., 754 So.2d 683 (Fla. 2000); Eller v. Shova, 630 So.2d 537 (Fla. 1993 and Myrick v. Luhrs Corporation, etc., et. al., 689 So.2d 416 (Fla. 5th Dist. 1997)." In addition, the Second Amended Complaint set forth claims for punitive damages against both ESTES and its employees. (Attached to this Complaint as Exhibit "C")

9. Although ESTES and its employees denied the punitive damages allegations of the Second Amended Complaint, the Court made a judicial determination that a sufficient evidentiary basis existed to allow claims that might have imposed liability for punitive damages against ESTES and its employees to proceed to trial.

10. For a period beginning May 1, 1996 and continuing to May 1, 1997, USF&G provided an *EXCESS WORKERS COMPENSATION AND EMPLOYERS LIABILITY* policy, No. 30026658200, to ESTES. A copy of the policy, including its declarations pages, is attached to this Complaint as Plaintiff's composite Exhibit "D."

3

11. *PART TWO* of the USF&G policy provided ESTES with *EXCESS EMPLOYERS LIABILITY INSURANCE*, which by its terms applies to bodily injury (including resulting death) by accident arising out of and in the course of the injured employee's employment by the insured.

12. In addition to the *EXCESS WORKERS COMPENSATION AND EMPLOYERS LIABILITY* policy issued by USF&G, ESTES was insured under a *GENERAL LIABILITY* policy issued by CIGNA Property and Casualty Insurance Company (CIGNA) and a *COMMERCIAL UMBRELLA* policy issued by Federal Insurance Company a member of the Chubb Group of Insurance Companies (FEDERAL).

13. At all times during the course of the underlying lawsuit against ESTES and its employees, including after the filing of the Second Amended Complaint, USF&G denied coverage for Mr. Perera's injury and death. USF&G's denial relied on exclusions contained in paragraph G of the policy, which provide that:

> This insurance does not cover
> * * *
> 2. Punitive or exemplary damages
> * * *
> 5. Bodily injury intentionally caused or aggravated by you.

Based on these exclusions, USF&G not only refused to acknowledge coverage, but also otherwise failed or refused to participate in the settlement negotiations between PERERA and ESTES, its employees and their other liability insurance

4

carriers, CIGNA and FEDERAL. (A copy of the November 9, 2000 letter from USF&G's representative, DISCOVER RE, denying coverage is attached to this Complaint as Exhibit "E")

14. In order to protect itself from liability for payment of an inevitable, and potentially bankrupting judgment in favor of PERERA, ESTES was required to negotiate a reasonable, good faith settlement with PERERA. The fair and reasonable value of the net compensatory damages, alone, sustained by PERERA was acknowledged by the parties to the PERERA lawsuit to be Ten Million Dollars ($10,000,00.00). The trial Court, after an evidentiary hearing, found this amount to be reasonable for the losses claimed on behalf of the PERERA estate and family.

15. Conditioned upon this evidentiary finding by the trial Court, ESTES and its employees agreed that PERERA could enter Judgment against them, jointly and severally, in the amount of Ten Million Dollars ($10,000,00.00). Furthermore, the insurers under the *GENERAL LIABILITY* Policy and the *COMMERCIAL UMBRELLA* policy agreed to pay the amount of $5,000,000.00 to partially satisfy the PERERA judgment. (A copy of the Stipulation between PERERA and ESTES is attached to this Complaint as Plaintiff's Exhibit "F").

16. In addition ESTES agreed to assign and transfer to PERERA all of its rights and causes of action against USF&G and others for allegedly failing and wrongfully refusing to issue or procure coverage, denying or refusing to provide

5

coverage, refusing to tender its policy limits or any portion of its policy limits, or for refusing to pay any judgment obtained by PERERA against ESTES.

17. Thereafter, on August 30, 2001, Judgment was entered in the underlying lawsuit in favor of PERERA and against ESTES in the agreed amount of $10,000,000.00. (A copy of the judgment is attached to this Complaint as Plaintiff's Exhibit "G").

## COUNT I

Plaintiff, PERERA, as assignee of ESTES, sues the Defendant, USF&G, realleges the facts contained in paragraphs 1 through 17 above, and further alleges:

18. On or about April 11, 1997, the date of the incident alleged in the underlying PERERA lawsuit, the *EXCESS WORKERS COMPENSATION AND EMPLOYERS LIABILITY* policy, No. 30026658200, written by USF&G, as described in paragraphs 10 and 11 of this Complaint, was in full force and effect.

19. The provisions of this policy of insurance obligated USF&G to pay any judgment entered in favor of PERERA against ESTES up to the One Million Dollar ($1,000,000.00) limit of coverage afforded by the policy.

20. USF&G has wrongfully taken the position that there was no coverage provided to ESTES under the *EXCESS WORKERS COMPENSATION AND EMPLOYERS LIABILITY* policy for the injury and death of Mr. Perera, and has denied any duty to indemnify ESTES to the limit of coverage of the policy.

6

21. Neither of the insurance policy's exclusionary clauses that were relied upon by USF&G excludes coverage for PERERA's underlying judgment against ESTES.

22. ESTES has been damaged in the amount of the One Million Dollar ($1,000,000.00) limit of coverage afforded by the policy of insurance it purchased from USF&G, but which USF&G has failed and refused to pay.

23. PERERA, as the assignee of ESTES's claims against USF&G, has agreed to pay her attorney a reasonable attorney's fee and costs for pursuing ESTES's rights against USF&G in this action.

WHEREFORE, the Plaintiff, PERERA prays for a judgment against the Defendant USF&G for damages in excess of $15,000.00; for attorney's fees and costs incurred in prosecuting this action; for pre-judgment interest; and for such other relief as is just. Plaintiff demands a trial by jury.

## COUNT II

PERERA as assignee of ESTES, sues USF&G and realleges the facts set forth in paragraphs 1 through 23, and further alleges:

24. Pursuant to the terms and conditions of the *EXCESS WORKERS COMPENSATION AND EMPLOYERS LIABILITY* policy purchased by ESTES from USF&G, USF&G owed a duty to ESTES to exercise diligence and care in the evaluation of claims, to properly and diligently investigate the facts and the applicable law of the State of Florida, and, where potential liability for damages in

excess of the policy limits is clear, to promptly offer to pay its policy limits toward settlement of PERERA's claim against ESTES.

25. Had USF&G properly investigated the facts and the applicable law of the State of Florida and acted fairly and honestly toward ESTES and with due regard for ESTES's interests, USF&G would have offered to pay its $1,000,000.00 *EXCESS WORKERS COMPENSATION AND EMPLOYERS LIABILITY* policy limits to PERERA in order to protect its insured, ESTES, from a judgment for damages far in excess of the policy limits.

26. USF&G breached its duty of good faith when it:

a. failed to use diligence, prudence and good faith in the investigation and settlement of the PERERA claim in the underlying lawsuit;

b. unreasonably refused to settle the claim the underlying lawsuit which, in the exercise sound judgment in the investigation of the facts and the applicable law of the State of Florida, should have been settled;

c. failed to attempt in good faith to settle the PERERA claim in the underlying lawsuit when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured, ESTES, and with due regard for the interests of ESTES;

8

d. insisted that no coverage was available for the claims made in the underlying lawsuit, based on exclusions that, under the applicable law of the State of Florida, were inapplicable to this situation,

e. refused to adjust the claim the underlying lawsuit and refused to participate in settlement negotiations between PERERA and ESTES and its other insurance carriers, and

f. refused to make any contribution to a combination of settlement funds from ESTES and its other insurance carriers sufficient to achieve a resolution of the underlying lawsuit at a reasonable value.

27. As a direct and proximate result of USF&G's failure to provide settlement opportunities to ESTES in the underlying lawsuit, a judgment was entered against ESTES in an amount exceeding the policy limits provided by USF&G. USF&G's refusal to acknowledge coverage and refusal to adjust the claim and to participate in settlement negotiations deprived ESTES of the opportunity of attempting to settle the PERERA claim by paying PERERA an amount of damages within the coverage provided by USF&G's policy.

28. Consequently, as a result of USF&G's bad faith refusal to settle this claim within its policy limits when it could have, and should have, ESTES was damaged to the extent that the unpaid balance of the judgement against ESTES in favor of PERERA exceeds the $1,000,000.00 limits of *EXCESS WORKERS*

*COMPENSATION AND EMPLOYERS LIABILITY*, and Plaintiff is therefore entitled to recover from USF&G the excess of $4,000,000.00 above the USF&G policy limits

Wherefore, the Plaintiff, PERERA prays for a judgment against the Defendant USF&G for damages in excess of $15,000.00; for attorney's fees and costs incurred in prosecuting this action; for pre-judgment interest; and for such other relief as is just. Plaintiff demands a trial by jury.

DATED: 3/15/02

*[signature]*

Dennis G. Diecidue     FBN 114676
DENNIS G. DIECIDUE, P.A.
505 N. Morgan Street, Suite One
Tampa, Florida 33602
(813) 229-2766
Attorney for Plaintiffs

G:\...\merge\Perera\PLEADINGS\COMPLAINT-drx1.wpd