UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA PERERA,

    Plaintiff,

v.                                    CASE NO: 8:02-cv-688-T-23EAJ

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

    Defendant.
_____/

## ORDER

United States Magistrate Judge Elizabeth A. Jenkins submits a supplemental report and recommendation (Doc. 103) on the plaintiff's supplemented motion (Doc. 93) for summary judgment on the defendant's affirmative defense that the intentional injury exclusion precludes coverage and on the parties' supplemented cross-motions (Docs. 93, 94) for summary judgment on the defendant's affirmative defense of workers' compensation exclusivity.[1]  Judge Jenkins recommends that the Court grant the

---

[1] Magistrate Judge Jenkins issued a report and recommendation (Doc. 73) on the parties' original cross-motions (Docs. 34, 37) for summary judgment, which recommendation the Court adopted (Doc. 79).  Pursuant to the Magistrate Judge's recommendation, the Court deferred, pending the Florida Supreme Court's decision in Travelers Indemnity Co. v. PCR Incorporated, 2003 WL 1787149 (11th Cir. Apr. 4, 2003), a ruling on the parties' cross-motions for summary judgment on count one and on the defendant's affirmative defense of workers' compensation exclusivity.  Pursuant to the order (Doc. 79), the parties notified the Court of the decision in Travelers and supplemented their briefs in support of summary judgment.  The supplemented cross-motions for summary judgment (Docs. 93, 94) were referred to Magistrate Judge Jenkins for a supplemental report and recommendation.

plaintiff's motion for summary judgment (Doc. 93) and deny the defendant's motion for summary judgment (Doc. 94).  No party objects to the Magistrate Judge's recommendation on the plaintiff's motion for summary judgment on the defendant's affirmative defense that the intentional injury exclusion precludes coverage, and the time for objection has expired.  Accordingly, the Magistrate Judge's recommendation is **ADOPTED**, and the plaintiff's motion for summary judgment (Doc. 93) on the defendant's affirmative defense that the intentional injury exclusion precludes coverage is **GRANTED**.

The defendant objects (Doc. 105) to the Magistrate Judge's recommendation on the affirmative defense of workers compensation exclusivity.  The plaintiff responds (Doc. 107) to the objection.  The defendant argues that the plaintiff's negotiation of a waiver of a workers' compensation lien as part of a settlement constitutes an affirmative election to receive workers' compensation benefits and precludes the plaintiff's recovery on her tort claim. The Magistrate Judge's report (Doc. 103) determines that securing the lien as part of a settlement fails to preclude the plaintiff from recovering on the tort claim.  The defendant's objections fail to establish an error in the Magistrate Judge's assessment of the facts or application of law.  The defendant's objections (Doc. 105) are **OVERRULED**, and the Magistrate Judge's recommendation (Doc. 103) is **ADOPTED**.  Accordingly, on the issue of the defendant's affirmative defense of workers' compensation exclusivity, the plaintiff's motion for summary judgment (Doc. 93) is **GRANTED**, and the defendant's motion for summary judgment (Doc. 94) is **DENIED**.

ORDERED in Tampa, Florida, on August 17, 2005.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:  US Magistrate Judge
     Courtroom Deputy