UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA PERERA,

    Plaintiff,

v.                                                      CASE NO.:  8:02-cv-688-T-23EAJ

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

    Defendant.
    _____/

**<u>ORDER</u>**

    Count one of the plaintiff's complaint asserts breach of an insurance contract. Count two asserts that the defendant's breach constitutes bad faith.  The parties submitted cross-motions for summary judgment on both counts and as to the defendant's dispositive affirmative defenses.  The court adopted United States Magistrate Judge Elizabeth A. Jenkins' two recommendations on the parties' cross-motions for summary judgment and the plaintiff moves (Doc. 109) for entry of final judgment.

    The parties concede that the two orders (Docs. 79, 108) adopting Judge Jenkins' recommendations resolve each count of the complaint.  The first order (Doc. 79) grants summary judgment in favor of the defendant on count two based on the affirmative

defense of no excess judgment.  The second order (Doc. 108) grants summary judgment in favor of the plaintiff on two of the defendant's affirmative defenses.  The parties agree that the second order resolves the remaining issues.  However, the defendant objects to entry of judgment because the parties disagree about "the accrual date and the calculation of pre-judgment interest."  In short, the parties disagree about the amount the plaintiff is entitled to recover under the policy.  Further, the defendant objects because the parties disagree about the plaintiff's entitlement to attorney's fees.  The plaintiff's motion for entry of judgment seeks neither attorney's fees nor an award pursuant to count one.  Further, pursuant to local and federal rules, any motion for attorney's fees will be entertained only after a final judgment has been entered.

Accordingly, the plaintiff's motion (Doc. 109) is **GRANTED**.  The Clerk is directed to enter judgment in favor of the plaintiff and against the defendant on the claim in count one that the plaintiff is entitled to coverage under the insurance policy.  Calculation of the amount of the award under count one remains at issue.  The Clerk is directed to enter judgment in favor of the defendant and against the plaintiff on count two.

The parties are directed to mediate any remaining issue.  The court appoints Peter J. Grilli, 3001 West Azeele Street, Tampa, Florida 33609, (813) 874-1002, as mediator.  The parties will conduct the mediation on or before January 13, 2006.  The plaintiff's counsel will coordinate the mediation date with all counsel and with the mediator.  Within twenty days of the date of this order, the plaintiff's counsel will submit

a notice of mediation.  Within three days after the mediation, the plaintiff's counsel will notify the court of the result of the mediation.  If the parties fail to settle, any remaining issues will be set for trial.

    ORDERED in Tampa, Florida, on November 1, 2005.

                                                    STEVEN D. MERRYDAY
                                            UNITED STATES DISTRICT JUDGE

cc:  Courtroom Deputy