UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAMELA PERERA,**

    **Plaintiff,**

v.                                                      Case No. 8:02-CV-688-EAJ

**UNITED STATES FIDELITY &**
**GUARANTY COMPANY,**

    **Defendant.**

_____/

## **ORDER**

Before the court are Curtis Carr's **Motion to Quash Trial Subpoena** (Dkt. 230) and the **Emergency Motion of David K. Etheridge to Quash Subpoena and for Sanctions** (Dkt. 233), both filed on November 30, 2007. For the reasons set forth below, the motions are granted.

The trial of this matter commenced on Monday, December 3, 2007 at 9:00 a.m. Curtis Carr ("Carr") and David K. Etheridge ("Etheridge"), both of whom Plaintiff and Defendant list as potential trial witnesses (Dkt. 168), separately move to quash trial subpoenas issued by Defendant and allegedly served on them on Friday, November 30, 2007. Further, Etheridge requests that the court impose sanctions against defense counsel for a flagrant disregard of counsel's ethical duty to a non-party witness. The court heard Plaintiff's and Defendant's oral responses to the motions to quash on December 3, 2007.

Rule 45, Federal Rules of Civil Procedure, governs the subpoena of non-party witnesses. A party or attorney issuing a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1). Failure of this duty subjects the party or attorney to sanctions including lost earnings and reasonable attorneys' fees

incurred in objecting to the subpoena. Id. A court may quash an otherwise properly issued subpoena for reasons including that the subpoena (1) fails to allow a reasonable time for compliance; (2) requires a non-party witness to travel more than a hundred miles from the place where that witness resides or is employed; or (3) subjects the witness to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(i), (ii), (iv). Notwithstanding those reasons, the court may require a witness to travel more than a hundred miles in response to a subpoena if the issuing party can show a substantial need for the testimony, the need cannot be otherwise met without undue hardship, and the witness will be reasonably compensated. Fed. R. Civ. P. 45(c)(3)(B)(iii).

Here, both Carr and Etheridge have been given less than one business day to comply with the subpoenas. Indeed, Etheridge asserts that his subpoena was not served on him until 5:36 p.m. on Friday, November 30, 2007, after the close of business. Not only does neither subpoena allow the witnesses a reasonable time to comply, but both witnesses clearly reside over a hundred miles from Tampa (Carr in Richmond, Virginia; Etheridge in Burnsville, North Carolina). Moreover, Etheridge, a member of the North Carolina State Bar, has professional obligations to his clients during the trial of this case, of which Defendant was well aware prior to issuing the subpoena. Defendant submits that it subpoenaed these witnesses only for the purpose of establishing their unavailability.

Defendant fails to show a substantial need for the testimony of these witnesses or that the need cannot be otherwise met without undue hardship. Both of these witnesses were deposed before trial and both parties have designated portions of their depositions to be used at trial. Indeed, Defendant concedes that the subpoena power fails to extend to both witnesses because they reside outside the 100-mile radius contemplated by the Rule and that Defendant intends to use their deposition testimony at trial. Accordingly, the court finds that requiring Carr and Etheridge to comply with the subpoena would subject them to nothing but undue burden and expense. Cf.

Kimbrough v. City of Cocoa, No. 6:05-CV-471-ORL-13KRS, 2006 WL 3412258, *1 (M.D. Fla. Nov. 27, 2006) (quashing a subpoena for undue burden on the non-party witness).

Upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)  Curtis Carr's Motion to Quash Trial Subpoena (Dkt. 230) is **GRANTED**;

(2)  David K. Etheridge's Motion to Quash Subpoena (Dkt. 233) is **GRANTED**;

(3)  **RULING IS DEFERRED** on the issue of sanctions pending Defendant's written response which shall be filed under the time normally allowed for responding by the Local Rules; and

(4)  The Clerk of Court is directed to provide a copy of this order to both Carr and Etheridge through their attorneys of record.

**DONE AND ORDERED** in Tampa, Florida on this 3rd day of December, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge