# United States Court of Appeals
## For the Eleventh Circuit

FILED
10 SEP 16 PM 2:40
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

No. 06-10925

District Court Docket No.
02-00688-CV-T-23-EAJ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Aug 16, 2010

JOHN LEY
CLERK

PAMELA PERERA, as Personal Representative of the
Estate of Mitchell Kenneth Perera deceased, and
as assignee of Estes Express Lines Corporation,

Plaintiff-Appellant,

versus

UNITED STATES FIDELITY AND GUARANTY COMPANY,
a foreign corporation,

Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Middle District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: August 16, 2010
For the Court: John Ley, Clerk
By: Clark, Djuanna

ISSUED AS MANDATE
SEP 1 4 2010
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-10925

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 02-00688-CV-T-23-EAJ

PAMELA PERERA, as Personal Representative of the
Estate of Mitchell Kenneth Perera deceased, and
as assignee of Estes Express Lines Corporation,

Plaintiff-Appellant,

versus

UNITED STATES FIDELITY AND
GUARANTY COMPANY, a foreign corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(August 16, 2010)

Before ANDERSON and MARCUS, Circuit Judges, and ALTONAGA,* District Judge.

---

\* Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

This case returns to us after we certified two questions to the Florida Supreme Court regarding its law of bad faith in the insurance context. Perera v. U.S. Fid. & Guar. Co., 544 F.3d 1271 (11th Cir. 2008). The Florida Supreme Court has rephrased our questions and answered in the negative. Perera v. U.S. Fid. & Guar. Co., __ So.3d __, No. SC08-1968 (Fla. May 6, 2010).

For background information on this case, we refer the reader to our previous opinion, Perera v. U.S. Fid. & Guar. Co., 544 F.3d 1271 (11th Cir. 2008). In that case, we certified the following questions:

1. CAN A CAUSE OF ACTION FOR BAD FAITH AGAINST AN INSURER BE MAINTAINED WHEN THERE IS NOT AN EXCESS JUDGMENT AGAINST THE INSURED?

2. EVEN IF AN EXCESS JUDGMENT IS NOT ALWAYS REQUIRED, CAN A CAUSE OF ACTION FOR BAD FAITH AGAINST AN INSURER BE MAINTAINED WHEN THE INSURER'S ACTIONS NEVER RESULTED IN INCREASED EXPOSURE ON THE PART OF THE INSURED TO LIABILITY IN EXCESS OF THE POLICY LIMITS OF INSURED'S POLICIES?

The Florida Supreme Court rephrased our questions to one question:

MAY A CAUSE OF ACTION FOR THIRD-PARTY BAD FAITH AGAINST AN INDEMNITY INSURER BE MAINTAINED WHEN THE INSURER'S ACTIONS WERE NOT A CAUSE OF THE DAMAGES TO THE INSURED OR WHEN THE INSURER'S ACTIONS NEVER RESULTED IN EXPOSURE TO LIABILITY IN

EXCESS OF THE POLICY LIMITS OF THE INSURED'S POLICIES?

Perera, __ So.3d at ___. In answering the question in the negative, the court first held that there was no excess judgment because the consent judgment was within the limits of all applicable policies. Id. at ___. In so doing, it rejected Perera's argument that the amount at issue was an excess judgment because it was in excess of Estes' primary policy limits; rather, the court explained, an excess judgment is the difference between all available insurance coverage and the amount of the judgment. Id. Second, the court reasoned that this was not an instance involving a Cunningham[1] agreement where the insurer had agreed to protect the insured by trying the bad faith issues first and stipulating to an amount of damages. Id. Third, it rejected Perera's argument that the rationale in Coblentz v. American Surety Co. of New York, 416 F.2d 1059 (5th Cir. 1969), applied to the facts in this case. Perrera, __ So.3d at ___. Additionally, the court rejected Perera's argument regarding equitable subrogation, noting that insurer Chubb did not assign to Perera its potential cause of action against Appellee by virtue of equitable subrogation, and that under the terms of Perera's agreement with Chubb, Perera released Chubb from any further liability. Id. Finally, the court rejected Perera's reliance on North

---

[1] Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179 (Fla. 1994).

3

American Van Lines v. Lexington Insurance Co., 678 So.2d 1325 (Fla. Dist. Ct. App. 1996), because unlike the situation in North American, Estes did not face the "near certainty of a large judgment against it, exceeding all available coverage." Perrera, __ So.3d at __. Additionally, Estes did not pay funds that it would not have been obligated to pay had Appellee acted in good faith. Id. The court concluded that "there must be a casual connection between the damages claimed and the insurer's bad faith" and none existed on the facts here. Id.

We have received the Florida Supreme Court's answer. Implementing the decision of the Florida Supreme Court, we now affirm the district court's grant of summary judgment to Appellee.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

September 14, 2010

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA FL 33602-3849

**Appeal Number: 06-10925-FF**
Case Style: Pamela Perera v. United States Fidelity & Guaranty
District Court Number: 02-00688 CV-T-23-EAJ

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: six folders, one envelope
    Original record on appeal or review, consisting of: twenty-six volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)